## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**Edward Smith,** *derivatively on behalf of* **Bath & Body Works, Inc.,**

     **Plaintiff,**

     **v.**

**Daniel Heaf,** *et al.,*

     **Defendants.**

     and

**Bath & Body Works, Inc.,**

     **Nominal Defendant.**

**Case No. 2:26-cv-112**

**Judge Michael H. Watson**

**Magistrate Judge Deavers**

---

**Jyothiswaroop Jayaprakash,** *derivatively on behalf of* **Bath & Body Works, Inc.,**

     **Plaintiff,**

     **v.**

**Daniel Heaf,** *et al.,*

     **Defendants.**

     and

**Bath & Body Works, Inc.,**

     **Nominal Defendant.**

**Case No. 2:26-cv-245**

**Judge Michael H. Watson**

**Magistrate Judge Deavers**

## OPINION AND ORDER

This matter is before the Court on the joint motion to consolidate and appoint co-lead and co-liaison counsel, ECF No. 6,[1] filed by Edward Smith and Jyothiswaroop Jayaprakash (together, "Plaintiffs"); Daniel Heaf, Alessandro Bogliolo, Lucy Brady, Francis Hondal, Danielle Lee, Sarah Nash, Juan Rajlin, Stephen Steinour, J.K. Symancyk, Steven Voskuil, Patricia Bellinger, Michael Morris, Eva Boratto, and Gina Boswell (collectively, "Individual Defendants"); and Bath & Body Works, Inc. ("Nominal Defendant").

For the reasons below, the motion is **GRANTED in part** and **DENIED WITHOUT PREJUDICE in part**.

### A.    Consolidation

Federal Rule of Civil Procedure 42 allows (but does not require) a court to consolidate actions if the party seeking consolidation demonstrates that the actions "involve a common question of law or fact."  Fed. R. Civ. P. 42(a)(2). There need not be a "complete identity of legal and factual issues posed in the cases which are the subject of the request."  *J4 Promotions, Inc. v. Splash Dogs, LLC*, Nos. 2:09-cv-136, 2:10-cv-432, 2010 WL 3063217, at *1 (S.D. Ohio Aug. 3, 2010).  Rather, consolidation may be found "when some common questions of

---

[1] The parties filed their joint motion only in the *Smith* matter, Case No. 2:26-cv-112. Accordingly, citations to docket entries correspond with the *Smith* docket unless otherwise indicated.  Additionally, the parties initially filed their joint motion, ECF No. 5, but then amended it shortly thereafter, ECF No. 6.  So, the Court evaluates the amended motion.  The Court observes, however, that the Certificate of Service at the end of the amended motion is not complete and is unsigned.

fact and analysis of the complaints indicate that the legal issues are almost identical." *Bishop v. Coulter Ventures, LLC*, No. 19-CV-5050, 2021 WL 184810, at *2 (S.D. Ohio Jan. 19, 2021).

Once this threshold commonality requirement is met, the decision to consolidate rests in the court's sound discretion. *Stemler v. Burke*, 344 F.2d 393, 396 (6th Cir. 1965); *see also Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993) ("Whether cases involving the same factual and legal questions should be consolidated for trial is a matter within the discretion of the trial court[.]"). In determining whether to grant consolidation, courts must consider:

> [W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Cantrell*, 999 F.2d at 1011 (quoting *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985)).

Here, the parties jointly seek to consolidate two shareholder derivative actions: (1) *Smith v. Heaf, et al.*, Case No. 2:26-cv-112 (S.D. Ohio) (the "*Smith* Action"); and (2) *Jayaprakash v. Heaf, et al.*, Case No. 2:26-cv-245 (S.D. Ohio) (the "*Jayaprakash* Action"). ECF No. 6 at PAGEID # 92. The Court agrees that there is significant overlap in law and fact between these two actions, which strongly supports consolidation. Both cases challenge substantially similar alleged conduct by many of the same company directors and executive officers.

*Compare* ECF No. 1 *with* ECF No. 1, Case No. 2:26-cv-245.  And both cases allege nearly identical causes of action against Individual Defendants, including, *inter alia*, those for violations of the Securities Exchange Act of 1934, breach of fiduciary duties, unjust enrichment, gross mismanagement, and waste of assets. ECF No. 6 at PAGEID # 96.

As a result, consolidation of the *Smith* Action and the *Jayaprakash* Action will be the most efficient method of adjudicating the issues, and conducting discovery in a single case will facilitate expediency.  This is especially true considering that the same counsel seek to represent Plaintiffs in both cases, and the same counsel seek to represent Individual Defendants and Nominal Defendant in both cases.  *See* ECF No. 6.

Nor will consolidation delay the final disposition of these matters or otherwise hinder judicial economy.  Both cases were filed within a month of each other, and a case schedule has yet to be entered in either action, so discovery has yet to begin.  The joint nature of the motion to consolidate further negates any prejudice against the parties.

Accordingly, the Court **GRANTS** the request to consolidate the *Smith* Action and the *Jayaprakash* Action (together, the "Consolidated Action"), ECF No. 6.  The *Smith* Action is hereby **DESIGNATED** as the Lead Case.  In all future filings in the Consolidated Action, the parties are **ORDERED** to include the following case caption:

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE BATH & BODY WORKS, INC. DERIVATIVE LITIGATION | Lead Case No. 2:26-cv-00112-MHW-EPD |
| This Document Relates to: ALL ACTIONS | |

The parties need only file documents electronically in the *Smith* Action, Case No. 2:26-cv-112, and, when prompted, indicate that the document should also be distributed to the *Jayaprakash* Action, Case No. 2:26-cv-245.

## B.    Appointment of Counsel

Plaintiffs also request that the Court appoint them co-lead and co-liaison counsel for the Consolidated Action.  ECF No. 6.  Specifically, Plaintiffs ask that (1) Rowley Law PLLC ("Rowley Law") and The Brown Law Firm, P.C. ("Brown Law") be designated as co-lead counsel; and (2) Markovits, Stock & Demarco, LLC ("MSD Law") and Bronstein, Gewirtz & Grossman, LLC ("BGG Law") be designated as co-liaison counsel.[2] *Id.* at PAGEID # 97.  The Individual Defendants and Nominal Defendant do not take a position regarding the appointment of counsel for Plaintiffs.  *Id.*

---

[2] The parties indicate that co-lead counsel will have "the sole authority" to speak for Plaintiffs in "all matters regarding pre-trial procedure, trial, and settlement negotiations" and will be "responsible for coordinating all activities and appearances on behalf of [P]laintiffs" and filing "motion[s], request[s] for discovery, or other pre-trial or trial proceedings[.]" ECF No. 6 at PAGEID # 99.  Co-liaison counsel, on the other hand, will be "responsible for communications to and from this Court." *Id.* at PAGEID ## 99–100. This arrangement causes the Court some hesitation, in that it would seem to run afoul of S.D. Ohio Civ. R. 83.4 and could result in the Court having no communication with the attorneys who file motions or appear before it on Plaintiffs' behalf.

A court has the inherent power to "designate a lead counsel to manage complex proceedings." *Graham v. Peltz (In re Wendy's Co. S'holder Derivative Action)*, 44 F.4th 527, 532 (6th Cir. 2022) (citation omitted); *see also In re Bendectin Litig.*, 857 F.2d 290, 297 (6th Cir. 1988).  In a shareholder derivative suit, "the court should select the counsel who will best honor the interests of the plaintiffs litigating on behalf of the corporation." *Graham*, 44 F.4th at 533 (citation omitted).  Courts should consider factors such as the lead counsel's "qualifications and experience . . . [and] ability to work cooperatively with opposing counsel and the court, the nature of the causes of action alleged, the quality of the pleadings, and any prior agreements amongst the parties." *Id.* (citation omitted); *see also, e.g., Bushansky v. Gorman*, No. 1:23-CV-02257-PAB, 2024 WL 837192, at *2 (N.D. Ohio Feb. 28, 2024).

Here, the Court does not disagree that Rowley Law, Brown Law, MSD Law, and BGG Law have the qualifications and experience to represent Plaintiffs litigating on behalf of Nominal Defendant.  Nevertheless, the parties' request for such designation of counsel is premature.  As it stands, there are only two active shareholder derivative cases[3] arising from the Individual Defendants' conduct—the *Smith* Action and the *Jayaprakash* Action—such that the Court is not

---

[3] A third related action is also pending before the Court, captioned *Lingam v. Bath & Body Works, Inc., et al.*, Case No. 2:26-cv-39 (S.D. Ohio).  However, this third action is a securities class action, while the *Smith* Action and the *Jayaprakash* Action are shareholder derivative suits.

convinced that lead or liaison counsel is necessary to efficiently litigate these proceedings.

Therefore, insofar as they seek appointment of co-lead and co-liaison counsel, the parties' joint motion, ECF No. 6, is **DENIED WITHOUT PREJUDICE**. If, in the future, additional related shareholder derivative suits are filed, the parties may renew their appointment request accordingly.

## C.    Future Cases

In their joint motion, the parties provide a proposed order granting consolidation, which "shall apply to each shareholder derivative action arising out of the same, or substantially the same, transactions or events as these cases, which is subsequently filed in, removed to, reassigned to, or transferred to this Court." ECF No. 6 at PAGEID # 100; *see also* ECF No. 6-3 (proposed order). The parties also state that "[u]nless otherwise ordered, the terms of all orders, rulings, and decisions in the [Consolidated Action] shall apply to all later shareholder derivative actions filed in this Court that involve substantially similar alleged conduct and questions of law and fact as the [Consolidated Action], and such shareholder derivative actions shall be consolidated" with the Consolidated Action. ECF No. 6 at PAGEID # 100; *see also* ECF No. 6-3.

The Court will not approve these statements and requirements. Should any such similar shareholder derivative action be filed, removed, or transferred in or to the Southern District of Ohio, any party seeking its consolidation with the Consolidated Action shall file an appropriate motion asking that the Court do so.

To be clear, the subsequent action will not be consolidated automatically by reason of this Opinion and Order.

## D.    Conclusion

For the foregoing reasons, the parties' joint motion to consolidate and appoint co-lead and co-liaison counsel, ECF No. 6, is **GRANTED in part** and **DENIED WITHOUT PREJUDICE in part**.  The Clerk shall terminate ECF No. 6 as a pending motion.

The parties **SHALL** submit, within **FOURTEEN DAYS** of the date of this Opinion and Order, a joint notice that includes (1) the date by which Plaintiffs must file a consolidated complaint (or designate an operative complaint); and (2) the date by which Defendants must answer or otherwise respond to the consolidated or designated operative complaint.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**